# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-289V
Filed: January 2, 2018
UNPUBLISHED

| | |
|---|---|
| AMALL ALI,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Bruce William Slane*, Law Office of Bruce W. Slane, P.C., White Plains, NY, for petitioner.
*Amy Paula Kokot*, U.S. Department of Justice, Washington, DC, for respondent.

### **DECISION AWARDING DAMAGES**[1]

**Dorsey**, Chief Special Master:

　　On March 1, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges her receipt of an influenza ("flu") vaccine on January 15, 2016, caused her to suffer "distal rotator cuff tendinopathy of the right shoulder, subacromial bursitis, subdeltoid bursitis, adhesive capsulitis, right shoulder impingement, and bone marrow edema of the posterolateral humeral head." Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

　　On October 10, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for her shoulder injury. On December 29, 2017, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $75,000.00 as well as $5,484.91 to satisfy petitioner's State of New York

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Medicaid lien.  Proffer at 2.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner the following compensation:**

(1) A lump sum payment of **$75,000.00** in the form of a check payable to petitioner.

(2) A lump sum payment of **$5,484.91**, representing compensation for satisfaction of the State of New York Medicaid lien, payable jointly to petitioner and to:
New York State Department of Health
P.O. Box 415874
Boston, MA 02241-5874
Attn: Antoinette Titus, Case Worker
HMS, Inc.
Estate & Casualty Recovery Unit
antoinette.titus@hms.com
Recovery Case #: 113293

Petitioner agrees to endorse this payment to the New York State Department of Health.  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| AMALL ALI, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 17-289V (**ECF**) Chief Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) | |
| Respondent. | ) ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.    Compensation for Vaccine Injury-Related Items**

On October 10, 2017, Chief Special Master Dorsey issued a Ruling on Entitlement finding that petitioner was entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA"). Based on the evidence of record, respondent proffers that petitioner should be awarded **$75,000.00**. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

Respondent further proffers that petitioner, Amall Ali, should be awarded funds to satisfy a State of New York Medicaid lien in the amount of **$5,484.91**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of New York may have against any individual as a result of any Medicaid payments that the State of New York has made to or on behalf of Amall Ali from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about January 15, 2016, under Title XIX of the Social Security Act. Petitioner agrees.

1

## II. Form of the Award

Respondent recommends that the compensation provided to petitioner be made through two lump sum payments as described below:

(1) A lump sum payment of **$75,000.00** in the form of a check payable to petitioner.[1]

(2) A lump sum payment of **$5,484.91**, representing compensation for satisfaction of the State of New York Medicaid lien, payable jointly to petitioner and to:

> New York State Department of Health
> P.O. Box 415874
> Boston, MA 02241-5874
> Attn: Antoinette Titus, Case Worker
> HMS, Inc.
> Estate & Casualty Recovery Unit
> antoinette.titus@hms.com
> Recovery Case #: 113293

Petitioner agrees to endorse this payment to the New York State Department of Health.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to the entry of judgment, respondent reserves the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

2

                                              <u>s/Amy P. Kokot</u>
AMY P. KOKOT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, DC 20044-0146
Tel:     (202) 616-4118

Dated:        December 29, 2017